BUSHNELL v. ROWLAND.

EQUITY—CONVEYANCES—PAROL AGREEMENT—SPECIFIC PERFORM-
ANCE.

Complainant, after deeding land to defendant upon the parol
understanding that defendant should give back a "life-lease
deed" to complainant, by the terms of which they might
occupy the land together until the death of either, when the
title should vest in the survivor, continued to live upon the
premises with defendant, and to expend labor and money for
the betterment of the land. *Held*, that there was such part
performance as entitled complainant, upon defendant's refusal
to execute the deed, to maintain a bill under 2 How. Stat.
§ 6183, for specific performance.

Appeal from Ionia; Davis, J. Submitted October 6,
1898. Decided December 6, 1898.

Bill by Leonard Bushnell against Leonard Rowland for
the specific performance of a contract. From a decree
for complainant, defendant appeals. Affirmed.

*R. A. Hawley*, for complainant.

*William O. Webster*, for defendant.

MONTGOMERY, J. This is a bill filed for specific per-
formance of a contract. The complainant is a young man,
and unmarried. The defendant is a man about 70 years
of age, and also unmarried, and the uncle of complainant.
In March, 1897, the complainant was the owner of 120
acres of land in the township of Campbell, Ionia county,
which was mortgaged for about $3,000; the amount being
represented in three mortgages, two of which were held
by a Mrs. Powers, and the third, in the sum of $900, run-
ning to defendant. The complainant also owed unse-
cured debts amounting to about $500. The evidence
shows that in March the complainant received an offer of

$40 per acre for the lands in question from one William Whitney; the purchase price to be paid in 20 acres of land, at a valuation of $1,200, and the balance in cash. There is no dispute in the record of the fact that complainant received this offer. The complainant's claim is that he informed defendant of this offer, and defendant proposed to him that he (complainant) deed to defendant, and that he (defendant) would give back a "life-lease deed," so called, providing that each might occupy the land during the lives of both, and that at the death of either it should go to the survivor. Defendant further proposed to advance $3,500 upon the land, wherewith to pay the mortgages and enable complainant to meet his outstanding indebtedness. This proposition complainant claims he accepted, and made a deed to defendant; that the execution of the so-called "life-lease deed," and the payment of the balance coming to complainant over and above the mortgages, were postponed from the time the deed was made, in April, until some time in the month of June, when defendant refused to fulfill his part of the agreement, and ordered the complainant to leave the premises.

The question involved is wholly a question of fact. The complainant's testimony shows that, after the agreement was entered into between the parties, they continued to live together upon the premises from April until June. The complainant continued to expend money in trimming the orchard and repairing the fences, and also continued to spend labor for the betterment of the place. This testimony would tend to show that, if complainant's theory of the case was maintained by the proof, he had entered into a performance of the contract in such manner as would entitle him to relief by way of specific performance, under section 6183, 2 How. Stat. Upon the question of fact, the learned circuit judge found the case stated in the bill to be made out by the proofs. A careful reading of the testimony convinces us that this conclusion was fully justified. The parties are at direct variance in their testi-

mony upon the main question, and in such cases we look for support to the one or the other in the surrounding circumstances. We find complainant's version of the transaction supported by the subsequent conduct; and, furthermore, what is of great significance is that, if defendant's theory be accepted, which is that the complainant deeded the land to him without reserving any consideration other than the payment of the mortgages upon the property, it would appear that the complainant voluntarily sacrificed the difference between the price offered by Mr. Whitney, viz., $4,800, and this sum. This seems incredible, especially in view of the fact that defendant seems to have been a man of considerable means, and complainant a poor man. It is true, the defendant introduced testimony tending to show the value of this land to be much less than the offer of Mr. Whitney, and while it is probable, upon the whole testimony, that the land would not have sold for $4,800 in cash, yet we are fully satisfied that its value was from $3,600 to $4,000, while to the complainant, in view of the offer which he had from Whitney, it was worth much more.

The decree of the circuit court granted the relief prayed, and that decree will be affirmed, with costs.

HOOKER, MOORE, and LONG, JJ., concurred. GRANT, C. J., did not sit.